UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARI MCCAMANT,

    Plaintiff,

v.                                    Case No. 8:17-cv-453-T-33AAS

SOUTHERN FOODSERVICE
MANAGEMENT, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. This action was removed to this Court from the Sixth Judicial Circuit, in and for Pinellas County, Florida, on February 23, 2017, on the basis of diversity jurisdiction. (Doc. # 1). For the reasons that follow, the Court determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

**I.**    **Background**

Plaintiff McCamant worked for Defendant Southern Foodservice Management, Inc., as an assistant manager. (Doc. # 2 at 2). McCamant's salary was $35,000 per year. (Id.). According to McCamant, she complained to her supervisors about her manager "treating Caucasian employees differently than he treated Hispanic employees." (Id. at 3). McCamant

1

also reported safety concerns, including wet floors and the use of expired foods. (Id. at 5). Because of her disclosures, McCamant was retaliated against and ultimately terminated by Southern Foodservice. (Id.).

McCamant initiated this action in state court on June 26, 2016, alleging retaliation under the Florida Civil Rights Act and the Florida Private Whistleblower Act. (Doc. # 2). The Complaint seeks an award of, among other things, compensatory damages, back pay and benefits, punitive damages, injunctive relief, and attorney's fees. (Id. at 4, 6).

On November 21, 2016, Southern Foodservice served its second request for admission on McCamant, to which McCamant failed to respond. (Doc. # 1 at 2). Southern Foodservice then moved for the request for admission to be deemed admitted. (Id.). On February 3, 2017, the state court granted the motion in part, stating that the request for admission would be deemed admitted if McCamant did not respond by February 15, 2017. (Id.). McCamant still did not respond to the request for admission, and Southern Foodservice thereafter removed to this Court on February 23, 2017. (Id.).

## II. **Subject Matter Jurisdiction**

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

## III. **Analysis**

Southern Foodservice removed this action under 28 U.S.C. § 1446(b)(3), which governs removal after receipt from the plaintiff of an "other paper" demonstrating the existence of federal jurisdiction. A defendant removing under this prong

3

of § 1446 cannot establish the existence of federal jurisdiction without proving facts. Lowery v. Ala. Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 1)(stating "[t]his is an action for damages in excess of $15,000.00"); see also Lowery, 483 F.3d at 1208 (noting that when "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence"). Instead, in its notice of removal (Doc. # 1), Southern Foodservice relies on a request for admission, to which McCamant failed to respond and was thus deemed admitted. The request for admission states: "Admit that you are seeking to recover from Defendant in this lawsuit damages of more than $75,000, exclusive of interest and costs, and up to the maximum amount allowed under Florida law." (Doc. # 1-2 at 3).

Such a generic admission does not satisfy Southern Foodservice's burden. See Bienvenue v. Wal-Mart Stores, East, LP, No. 8:13-cv-1331-T-33TGW, 2013 WL 5912096 (M.D. Fla. June 19, 2013)("Bienvenue's generic admission 'that Plaintiff is alleging damages in excess of $75,000' [] does not satisfy Wal-Mart's burden. Bienvenue's admission does nothing more than state a legal conclusion and enjoys no factual support

4

in the Notice of Removal or the Amended Complaint."). The Court in Parrish v. Sears, Roebuck and Co., No. 8:10-cv-1684-T-23MAP, 2010 WL 3042230 (M.D. Fla. July 30, 2010), remanded a slip and fall action after explaining:

> [N]either the notice of removal nor the complaint [] provide any underlying fact supporting the conclusion that the plaintiff suffered damages in excess of the jurisdictional amount. The sole evidence of the jurisdictional amount is an unsupported and speculative response to a request for admissions. Although the admission qualifies as an "other paper" under 28 U.S.C. § 1446(b) and activates the thirty-day removal limitation, the admission, which is a mere conclusion, (1) provides no factual basis to support the jurisdictional amount (that is, provides no basis for the damages claimed) and (2) fails to relieve the removing party of the obligation to establish facts supporting the existence of federal jurisdiction.

Id. at *1 (M.D. Fla. July 30, 2010). Here, too, there is an "other paper" — the request for admission that was deemed admitted after McCamant failed to respond pursuant to the state court's order. But, like the admission in Parrish, McCamant's admission does not provide a factual basis for its assertion that the amount-in-controversy exceeds $75,000. Southern Foodservice cites Enterline v. Sears, Roebuck & Co., No. 2:08-cv-221-FtM-29DNF, 2008 WL 1766911 (M.D. Fla. Apr. 15, 2008), to support that removal on the basis of the admission is proper. But, while other courts may consider a request for admission sufficient factual support for removal,

5

this Court disagrees. Thus, the bare admission cannot satisfy Southern Foodservice's burden.

This is an employment discrimination and whistleblower case, in which McCamant alleged that her salary had been only $35,000. (Doc. # 2 at 2). Her vague allegations that she has incurred damages in the form of compensatory damages, back pay and benefits, punitive damages, and attorney's fees, do not convince the Court that McCamant's damages exceed the amount-in-controversy threshold. Southern Foodservice has not provided any other evidence that the amount-in-controversy requirement has been met. Rather, a review of the state court record reveals that McCamant's answers to Southern Foodservice's first request for admissions explicitly denied that the amount-in-controversy requirement was met: "Plaintiff is seeking economic damages which are calculable and quantifiable and less than $75,000." (Doc. # 1-1 at 80).

Based on the record before it, the Court is not convinced the amount-in-controversy requirement has been satisfied. Therefore, Southern Foodservice has failed to satisfy its burden to establish that the amount-in-controversy exceeds $75,000 and the case should be remanded.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit, in and for Pinellas County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and hearings, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of March, 2017.

_____<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE